UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Linda Brennan | ) | Case No. |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Thomas F. Ferreira, | ) | |
| Barbara Ferreira, | ) | |
| John Jeff Ferreira, | ) | |
| Tammy Ferreira, | ) | |
| Hicks Street Inc. | ) | |
| Hilda Miranda, | ) | |
| Three Big Dogs Irrevocable Trust, | ) | |
| Richard C. Borges; | ) | |
| Prescott, Bullard & McLeod | ) | |
| Douglas Leatham | ) | |
| | ) | |
|     Defendants. | ) | |

## **COMPLAINT AND JURY DEMAND**

### INTRODUCTION

The purpose of this Complaint is to address the unlawful actions of the Ferreira Defendants and others acting is concert with them to conceal, transfer, dissipate and otherwise secret the Ferreira assets and property which should be available to satisfy the Plaintiff's expected (individual not derivative) Judgment against the Defendants Thomas and Barbara Ferreira as individuals , but as a result of the unlawful conduct of each of the Defendants, they have attempted to hide the assets with the assistance and or cooperation of each of the Defendants as more specifically set forth herein. Thus this Complaint sets forth claims under 18 U.S. Code Chapter 96 commonly known as RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS"RICO", violations on MGL C 109 A commonly referred to as  UNIFORM

FRAUDULENT TRANSFER ACT "UFTA", and the Massachusetts common law of civil conspiracy, which is also embodied in the Restatement (Second) of Torts section 876(b).

It is significant to understand the history and reasons for the filing of this Complaint. By way of background perspective, prior to November 14, 1995, Plaintiff and her former husband, Andrew Brennan were partners and/or co-shareholders with Defendants Thomas F. Ferreira and Barbara J. Ferreira in various businesses and real estate ventures including F & B Enterprises, Inc. (the operating entity) and Land Locker, Inc., (the real estate entity), which owned some of the properties upon which the operating entities performed their activities.  In 1995 the Brennans and the Ferreiras agreed to divide their common business and real estate interests and go their separate ways. As part of that Agreement Land Locker and F&B Enterprises, Inc. were to make monthly payments to the Brennans. However, in breach of their agreement, the Ferreiras stopped making payments in August 2000, and they filed a Chapter 11 Bankruptcy proceeding on behalf of F&B Enterprises, Inc.. Upon the Motion of Eric Bradford, Counsel for the US Trustee, after a hearing, and as a result of incomplete schedules and other actions inconsistent with their obligations as a Chapter 11 Debtor, Judge Kenner Ordered the conversion to Chapter 7 liquidation.

The Plaintiff filed her proof of claim, which was objected to by Deborah Casey, the Chapter 7 Trustee. After the matter was set for a hearing, the Parties entered into a Stipulation, which resulted in a Court approved and allowed unsecured claim in the amount of $210,000.00 and further provided that the Plaintiff, Linda reserved the right to pursue any of the Debtor's assets that were abandoned by the Trustee. Since that time, the only funds received by Linda regarding her claim, was on June 4, 2004, which was a distribution from the Trustee in the amount of $16,078.04.

In addition to the Bankruptcy proceeding, Linda has been in active state court litigation, against the Ferreiras and their entities since the year 2005.  In a completed action in the Bristol County Superior Court, (Civil Action  05-00878 A) "The 2005 Case", after a Jury waived trial, Judge Chin entered a Judgment, and as a result Linda Brennan received 50% of the outstanding shares in Land Locker, Inc.

After receiving her shares in Land Locker, Inc., Linda had no choice but to file another action in the Bristol County Superior Court to enforce her individual rights as a shareholder, claiming breach of fiduciary duty, stock freeze out, and asserting derivative claims for failure to pay rent, see CIVIL ACTION NO. BRCV2013-00403C, LINDA BRENNAN,  Plaintiff, v THOMAS F. FERREIRA, BARBARA J. FERREIRA, LAND LOCKER INC, and F&B RUBBERIZED INC. "The 2013 Case" This case is still open and progressing, with a final resolution in sight in the near future as the  Court appointed a Liquidating Receiver to sell the assets of Land Locker, Inc.

The Plaintiff is unquestionably a creditor of the Defendants Thomas and Barbara Fierrera. In the 2013 Case, On September 2, 2014, Judge Moses entered his Order on Plaintiff's Motion For Summary Judgment and stated as follows

> While the Ferreiras conduct in the management of Land Locker as described above, including the ignoring of Brennan's stock ownership therein, have violated their duty of good faith and loyalty to Brennan. What if any financial harm has resulted is yet to be determined……The Court concludes that a sufficient showing has been made that an accounting is required in this action….

More than two years later the accounting has not been rendered, and a hearing on Plaintiff's Complaint for Contempt is scheduled to take place in the immediate future. Thus, the Plaintiff has clearly established her individual claims against the Defendants to maintain this action.

Linda now brings this action to secure properties that have been fraudulently and intentionally conveyed for less than adequate consideration, and also seeks damages against the individuals who participated in an unlawful manner to conspire with the Ferreiras to hide the assets (which were titled and transferred by both Barbara and/or Thomas Ferreira) to unlawfully prevent the Plaintiff of the recovery she expects to receive in the 2013 state court action. The Complaint is being filed now as a result of concerns about the applicable statute of limitations on one of the conveyances, and because of the recent unlawful actions as set forth herein. More specifically the Plaintiff states for her Complaint as follows:

**PARTIES**

1. Plaintiff, Linda Brennan, resides at 315 Mendall Road, Acushnet, Bristol County, in the Commonwealth of Massachusetts (hereafter referred to as "Plaintiff" and/or "Ms. Brennan");

2. Defendant, Thomas F. Ferreira resides at 3 Nakata Avenue, Fairhaven, Bristol County, in the Commonwealth of Massachusetts (hereafter referred to as "Mr. Ferreira");

3. Defendant, Barbara J. Ferreira resides at 3 Nakata Avenue, Fairhaven, Bristol County, in the Commonwealth of Massachusetts (hereafter referred to as "Ms. Ferreira");

4. Defendant , John Jeff Ferreira resides at  69  Wolf Island Rd., Mattapoisett MA, Plymouth County in the Commonwealth of Massachusetts (hereafter referred to as "Jeff")

5. Defendant , Tammy  Ferreira resides at  69  Wolf Island Rd., Mattapoisett MA, Plymouth County in the Commonwealth of Massachusetts (hereafter referred to as "Tammy )

6. Defendant, Hicks Street Inc.  is a corporation organized and existing pursuant to the laws of the Commonwealth of Massachusetts and maintains its principle place of business at 678 State Rd.    DARTMOUTH MA ("hereafter referred to as "Hicks Street");

7. Defendant, Hilda Miranda resides at  581 Maxfield St.  New  Bedford,  Bristol County MA("hereafter referred to as " Ms. Miranda");

8. Defendants Richard C. Borges is an attorney licensed to practice in the Commonwealth of Massachusetts and is employed by Prescott, Bullard & McLeod.

9. Prescott, Bullard & McLeod are a licensed attorney and his employer/law firm and maintain their offices at 558 Pleasant St. New Bedford, Bristol County MA 02740.

10. The Defendant Douglas Leatham is a certified public accountant who maintains his office at 492 Pleasant Street, New Bedford, Bristol County, MA.

## SPECIFIC FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. Plaintiff realleges and incorporates by reference all of the allegations set forth in the each of the preceding paragraphs, 1-10.

12. The Plaintiff is a creditor of Defendants Thomas and Barbara Ferreira as defined in MGL Chapter 109A a/k/a the UNIFORM FRAUDULENT TRANSFER ACT.

13. The Plaintiff is also the Plaintiff in a civil action pending in the Bristol County Superior Court, CIVIL ACTION NO. BRCV2013-00403C, LINDA BRENNAN, Plaintiff, v THOMAS F. FERREIRA, BARBARA J. FERREIRA, LAND LOCKER INC, and F&B RUBBERIZED INC. and is the Creditor who has filed a Motion to Reopen the Chapter 7 Bankruptcy of F & B Enterprises Inc. in the Boston Bankruptcy Court as Case No. 00-17017.

14. The Defendant Richard C. Borges is employed by the Defendant Prescott, Bullard & McLeod.

15. The Defendant Miranda is the Trustee of THREE BIG DOGS IRREVOCABLE TRUST.

16. The Defendant Richard C. Borges is an attorney licensed to practice law in the Commonwealth of Massachusetts and upon information and belief, has rendered legal services to the Ferreira Defendants regarding bankruptcy and real estate matters.

17.     The Defendant Douglas Leatham is the certified public accountant who has performed all the accounting serviced on behalf of the Ferreira Defendants material to this action.

18.     On or about December 17, 2012 the Defendant Ms. Ferreira executed a deed to Defendants Jeff and Tammy to the property located at 25 Tinkham Lane Mattapoisett, MA for a stated consideration of $1.00.

19.     As of the date of the deed from Defendant Ms. Ferreira to Defendants Jeff and Tammy, the property located at 25 Tinkham Lane Mattapoisett, MA had a fair market value well in excess of the $1.00 consideration stated in the deed.

20.     On or about 11-25-2013 the Defendants Jeff and Tammy executed a deed of the property located at 25 Tinkham Lane Mattapoisett, MA with a stated consideration of $435,000.00 to an non-party to this action in an arm's length transaction.

21.     On or about 5-26-2015 the Defendant Mr. Ferreira executed a deed to the property located at Walnut Rd. Rochester, Ma to MIRANDA HILDA TRUSTEE OF THREE BIG DOGS IRREVOCABLE TRUST with a stated consideration of $1.00.

22.     As of the date of the deed from Defendant Mr. Ferreira to Defendants MIRANDA HILDA D TRUSTEE OF THREE BIG DOGS IRREVOCABLE TRUST the property located at Walnut Rd. Rochester Ma had a fair market value well in excess of the $1.00 consideration stated in the deed.

23.     On or about 5-26-2015 the Defendant Mr. Ferreira executed a deed to the property located at 1091 West Main Street West Wareham, MA to MIRANDA HILDA TRUSTEE OF THREE BIG DOGS IRREVOCABLE TRUST with a stated consideration of $1.00.

24.     As of the date of the deed from Defendant Mr. Ferreira to Defendant MIRANDA HILDA TRUSTEE OF THREE BIG DOGS IRREVOCABLE TRUST the property located at 1091 West

Main Street West Wareham MA had a fair market value well in excess of the $1.00 consideration stated in the deed.

25. On or about September 8, 2016 Defendant Mr. Ferreira as President and Treasurer of F & B Enterprises, Inc. executed a deed transferring an undeveloped lot on Hicks St. New Bedford, Ma, to Defendant Hicks Street, Inc. with a stated consideration of $1.00.

26. F&B Enterprises, Inc. was dissolved by the Mass. Secretary of State in 2007.

27. F&B Enterprises, Inc. was never reinstated as a corporation by the Mass. Secretary of State.

28. At the time of transfer from Mr. Ferreira to Hick Street, Inc. F&B Enterprises, Inc. was a dissolved corporation.

29. In October 2000 Defendant Mr. Ferreira filed his operating entity, F&B Enterprises, Inc. into Bankruptcy as a Chapter 11 reorganization.

30. Eric Bradford, as Counsel for the US Trustee, filed a Motion to convert the F&B Enterprises' Chapter 11, and after a hearing , as a result of incomplete schedules and other actions inconsistent with their obligations as a Chapter 11 Debtor, Judge Kenner Ordered the conversion to a Chapter 7 liquidation.

31. The property which Defendant Mr. Ferreira deeded to Defendant Hicks Street, an entity owned by his son, Defendant Jeff, was never listed on the bankruptcy schedules of F & B Enterprises.

32. The property which Defendant Mr. Ferreira deeded to Defendant Hicks Street owned by his son, Defendant Jeff, was owned by the F & B Enterprises Bankruptcy Estate as of the date of the transfer.

33. Defendant Mr. Ferreira was not the President and Treasurer of F & B Enterprises Inc. as of the date of the deed to Defendant Hicks Street.

34. Defendant Mr. Ferreira did not have the authority to execute the deed to Hicks Street on behalf of F & B Enterprises, Inc. as of the date of the deed to Defendant Hicks Street.

35. Linda Brennan retains her status as a general unsecured creditor of the Bankruptcy Estate, and has recently filed a Motion to Reopen the Chapter7 Estate to administer the unscheduled, unadministered property, but no action has been taken as of this date by the Bankruptcy Court.

36. According to F&B Enterprise's bankruptcy schedule, Enterprise owed Linda $122,199.20 and owed her husband Andy $122,440.63 as a result of the defaults under the so called F&B Agreement.

37. On December 5, 2002, the Chapter 7 Trustee of the Bankruptcy Estate of F&B Enterprises entered into a Stipulation of Settlement Re: Trustee's Objection to Proof of Claim Filed by Linda Brennan granting Linda an unsecured claim in the amount of $210,000. The Stipulation states that the settlement does not waive any claims Linda might have against any assets abandoned by the Trustee.

38. After notice to all interested parties, the Court Approved the Settlement Agreement.

39. Linda received a dividend from the Trustee in the amount of $16,078.04; the balance of her claim remains unsatisfied.

40. Linda has been engaged on various State Court actions to recover on her claims, but has not yet received the benefit of her Judgment. This Court should take Judicial Notice of an action currently pending in the BRISTOL COUNTY SUPERIOR COURT DEPARTMENTCIVIL ACTION NO. BRCV2013-00403C, the Court appointed a Liquidating Receiver to liquidate the assets of Land Locker, Inc., the entity which owned the real estate that was in the forefront of the

issue which caused the conversion of the case from Chapter 11 to Chapter 7. At the hearing to convert, as a result of substantial omissions from the schedules and other factors, the Court converted the Case to a Chapter 7 Liquidation. Similarly, in the State Court litigation, the Liquidating Receiver of Land Locker discovered that the Debtor F&B Enterprises, Inc. is the record title holder of four lots located on Hicks St, New Bedford MA, more particularly identified as New Bedford Assessor's Map 85, lots 200, 201, 202, and 203. These lots are the subject of the recently filed Motion to reopen the Bankruptcy Estate.

41. A review of the Chapter 7 Trustee's Notice of Abandonment, reveals that the properties she abandoned did NOT include the property on Hicks St. New Bedford MA which is the subject of the deed from F & B Enterprise to Hicks Street. referred to above.

42. The Defendants Ms. Ferreira and Jeff Ferreira maintained the books and records on behalf of Land Locker, Inc. and F & B Rubberized, Inc. as well as other Ferreira entities.

43. The Defendants Ms. Ferrreira and Douglas Leatham made false entries on the Corporate books of Land Locker by charging Land Locker in excess of $200,000.00 for damage that was not suffered on Land Locker property.

### COUNT I
### VIOLATION OF 18 U.S. Code Chapter 96 a/k/a RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ADDRESSED TO DEFENDANTS THOMAS FERREIRA, BARBARA FERREIRA AND JEFF FERREIRA AND DOUGLAS LEATHAM

44. Plaintiff realleges and incorporates by reference all of the allegations set forth in the each of the preceding paragraphs, 1-43.

45. The Ferreira Defendants have engaged in a scheme to defraud creditors including the Plaintiff which has includes but is not limited to the following actions:

a) Defendant Mr. Ferreira filed and affirmed incorrect/ false schedules in the F & B Enterprise Bankruptcy proceedings, including material issues of both assets and liabilities;

b) Defendant Ms. Ferreira has testified entirely inconsistent while under oath on numerous occasions regarding the State Court actions;

c) When Defendant Mr. Ferreira executed the deed of the F & B Enterprise property to Hicks Street, Defendants Mr. Ferreira and Jeff knew that F & B Enterprise had been dissolved for almost 10 years, and that the Plaintiff was about to file a Motion to reopen the F & B Enterprise Bankruptcy to administer the lots on Hicks St. which were never listed on the schedules and never administered by the bankruptcy proceeding, and deeded the property to an entity wholly owned by Defendant Jeff for $1.00 which is far less than the value of the property in the conveyance;

d) Defendants Ms. Ferreira and Tommy have repeatedly acted in an unlawful manner regarding the residential properties formerly owned by Land Locker including, misrepresenting the rents to the Superior Court and the Liquidating receiver. Their conduct includes, but is not limited to; Ms. Ferreira collecting the rents and "putting them in her pocket" and Tommy deducting rents from the payroll of occupants/employees who occupied the property, they also collectively and intentionally failed to keep records as required by the Massachusetts corporate statutes, their common law duties to the Plaintiff and after being Ordered to maintain such records by the Bristol County Superior Court and the Liquidating Receiver;

e) Defendants Mr. and Ms. Ferreira proffered their own testimony in the defense of the 2005 Bristol County action which Judge Chin found to "belie the evidence";

f) Defendants Mr. and Ms. Ferreira and Jeff have repeatedly ignored Court Orders and Orders/request from the Liquidating receiver;

g)      The Defendants Mr. and Ms. Ferreira and Jeff have engaged in various conveyances which violate MGL C. 109A as set forth above;

h)      The Defendant Mr. Ferreira on behalf of F & B Enterprises misrepresented the payroll of Enterprise to the Travelers Insurance Company resulting in a Judgment based upon insurance fraud in Bristol County Superior Court Civil Action No. 98-01595;

i)      The Defendants Mr. and Ms. Ferreira have failed to file the accounting which was Ordered by Judge Moses in the 2013 Case more than two years ago and are the Defendants in a Contempt Action which is scheduled to be heard in the near future.

46.     The actions of the Ferreiras are best described in the pleadings and e-mails of the State Court appointed Custodian/Receiver which are quoted as follows:

47.     In the RECEIVER'S EMERGENCY MOTION FOR SANCTIONS he states:

a)      "It is important to note that since my appointment as Custodian, I have repeatedly instructed the Defendants, both through counsel and in person, to pay rent for the vacant parcels, or alliteratively remove all personal property and cease the use of s id parcels. This Court has previously addressed Defendants' failure to either pay rent or vacate the parcels. In its Order dated November 26, 2014, this Court Ordered that:

> i. "upon being provided with a revised fair market rental value for the premises occupied by F&B Rubberized, Inc., to be calculated by Claude Giroux, F&B Rubberized, Inc. shall commence paying monthly rental to the Custodian for premises occupied by it in the amount of the fair rental value determined by Claude Giroux, commencing December 1, 2014."

b)      On February 26, 2015, Mr. Giroux provided a report regarding fair market rental value of the vacant parcels which report was provided to counsel for all parties. After receipt of this report, first as Custodian, and then as Receiver, I issued instructions for the Defendants to pay rent for the vacant parcels, (or in the alternative to vacate the parcels). The Defendants have completely and utterly failed to follow either the Court Orders or my instructions…..

c)      Based on prior discussions, I expect that the Defendants will claim that some of the materials, including certain tires, do not belong to them. They have made this claim in the past which l have determined not to be credible….

d)   Consistent with my prior reports to this Court, Barbara Ferreira has continued to collect the rent from these residential tenants and made payments to me. Barbara Ferreira has repeatedly represented to me that all the tenants were paying $500.00 per month and never mentioned that one was paying $550. 00. She has also repeatedly represented to me that the rents collected were often less than those assessed. The rental amounts paid to me from Barbara Ferreira for the residential units have been substantially less thm1$1,550.00 per month…..

e)   In light of blatant disregard by the Defendants to follow both instructions from me as Custodian and Receiver and Orders from this Court, I respectfully request that this Court enter sanctions against the Defendants in a form sufficient to force immediate compliance. It is my belief that the assessment of money damages for sanctions is not sufficient to compel the Defend ants to comply with this Court's orders with regard to vacating the parcels as set forth above to allow immediate sales. It is my belief that the assessment of money damages for sanctions is not sufficient to compel the Defendants to comply with this Court's orders with regard to vacating the parcels as set forth above to allow immediate sales. It is my belief while the Court determines the mode of sanctions, that there will be no compliance unless the sanctions are severe.

48.   In an e-mail dated 2-11-2016 the Receiver stated:

a)   This does not take into account any adjustments based on any expected outcome of the lawsuits. You guys can factor those into a settlement discussion, or litigate those issues later, at a cost, if I sell the properties to one or more third parties. But also consider that the Ferreiras likely had used the properties before my involvement without paying rent and clearly have used some properties after my involvement without paying rent, most notably the vacant parcels. There is also the issue of how much the Ferreiras collected in rent from the residential units versus what they paid to me. Further, a large portion of my time was spent chasing the Ferreiras for compliance on my instructions and court orders.

49.   In an e-mail dated 1-26-2016 the Receiver stated;

a)   I will be asking the court for sanctions against the defendants for failing to comply with prior court orders and orders from me. Most importantly, the materials and containers on the residential units have not been removed without regard to my orders to do so. This conduct is so egregious that I will ask that sanction could include full payment for the loss of sales and incarceration if that is what it takes to gain compliance. My patience is at an end. The Defendants continue to act with impunity and totally disregard my requests and orders from the court.

50.   In the 2005 Case the Defendant Mr. Ferreira was ordered to pay the Plaintiff, Linda

Brennan $10,000.00. After the Defendant Mr. Ferreira failed to pay, the Plaintiff filed a

Complaint in the Bristol County Superior Court to Enforce the Judgment and after a hearing before Judge Kane, the Judgment was satisfied.

51.    Such other unlawful acts as shall be proven at the trial of this action.

52.    The actions of the Defendants Mr. and Ms. Ferreira and Jeff have included the use of the mails, internet, and constitute a pattern of actions which violate the provisions of 18 U.S. Code Chapter 96 a/k/a RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS.

53.    As a direct and proximate result of the Defendants Mr. and Ms. Ferreira, Jeff and Douglas Leatham have included the use of the mails, internet, and constitute a pattern of actions which violate the provisions of 18 U.S. Code Chapter 96 a/k/a RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS the Plaintiff was harmed.

54.    The Defendant Douglas Leatham has made numerous false entries on the Corporate books of Land Locker and also on the tax returns of Land Locker, all to the direct harm of the Plaintiff, Linda Brennan.

55.    Unless abated, the Defendants will likely continue their unlawful actions to harm others including the three remaining properties owned by F & B Enterprise which were unlawfully deeded by Defendant Mr. Ferreira to Defendant Jeff's entity in violation of applicable laws.

56.    As a result of the consistent pattern of unlawful acts of Defendants Mr. and Ms. Ferreira and Jeff, interstate commerce and out of state creditors have been harmed.

## COUNT II
## FRAUDULENT CONVEYANCES

57.    Plaintiff realleges and incorporates by reference all of the allegations set forth in the each of the preceding paragraphs, 1-56

58.     Each of the transfers of property referred to herein are fraudulent transfers as defined in MGL Chapter 109A commonly referred to as the UNIFORM FRAUDULENT TRANSFER ACT.

59.     Each of the transfers was designed to impede the ability of the Plaintiff to reach the assets of Defendants Mr. and Ms. Ferreira as soon as her claim becomes a liquidated judgment.

60.     Each of the Defendants is liable to the Plaintiff to the extent that they received a benefit from the fraudulent transfers as set forth in MGL Chapter 109A.

61.     As a direct and proximate result of the fraudulent transfers the Plaintiff has been harmed.

## COUNT III-
## CIVIL CONSPIRACY

62.     Plaintiff realleges and incorporates by reference all of the allegations set forth in the each of the preceding paragraphs, 1-61.

63.     Each of the Defendants has participated and contributed in an active plan to tortuously conceal the Ferreira assets from the Plaintiff.

64.     The deed dated on or about September 8, 2016 wherein the Defendant Mr. Ferreira signed as President and Treasurer of F & B Enterprises Inc. executed a deed transferring an undeveloped lot on Hicks St. New Bedford, Ma, to Defendant Hicks Street Inc. was a completely unlawful act, participated in by Defendant Borges, Defendant Mr. Ferreira and Defendant Jeff Ferreira.

65.     At the time of the transfer F&B Enterprises Inc. had been involuntarily dissolved by the Massachusetts Secretary of State for almost 10 years, the property was not listed on the F & B

Enterprise Bankruptcy schedules, the property was never administered by the F & B Enterprise Bankruptcy Trustee, and the property remains an asset of the Bankruptcy Estate.

66. Each of the fraudulent transfers referred to above occurred shortly after Counsel for the Plaintiff raised issues relating to the properties to Counsel for Defendants Mr. and Ms. Ferreira.

67. As a direct and proximate result of the Defendants' civil conspiracy, the Plaintiff has been harmed.

## COUNT IV
## RESPONDIAT SUPERIOR- ADDRESSED TO DEFENDANT PRESCOTT, BULLARD & MCLEOD

68. Plaintiff realleges and incorporates by reference all of the allegations set forth in the each of the preceding paragraphs, 1-67.

69. The Defendant Borges is employed by the Defendant Prescott, Bullard & McLeod.

70. The Defendant is liable to the Plaintiff for the acts of Defendant Borges pursuant to the doctrine of respondiat superior.


**WHEREFORE**, Plaintiff, Linda Brennan hereby demands Judgment against each of the defendants, including the following:

A. Enjoin each of the Defendants from participating in any action involving the alienation, encumbering, transfer of diminishing value to any of the properties s\referred to above or any other property owned or controlled by Barbara Fierrera, Thomas Ferreira, F&B Enterprises Inc. or Land Locker Inc., unless authorized by any Court of Competent Jurisdiction in which the Plaintiff is a party in interest; and

B. Order the Defendants to account as required by law: and

C. Award the Plaintiff full compensatory damages; and

D.   Award the Plaintiff punitive damages; and

E.   Award the Plaintiff Interest from the original date of demand; and

F.   .Award the Plaintiff damages for fraudulent transfers or diminution in value of the assets of the Corporation; and

G   Order each of the Defendants to account for the property that they have unlawfully appropriated; and

H.   Order such other and further relief as the Court may deem just and proper under the facts and circumstances set forth herein.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully Submitted,
Plaintiff, Linda Brennan
By her Attorney

_____

Samuel M. Pollack
BBO No. 560617
Albert C. Flanders
BBO No. 567076
Pollack & Flanders, LLP
20 Park Plaza
Suite 605
Boston, MA 02116
p.  (617) 259-3000
f.  (617) 259-3050
spollack@pollackandflanders.com