UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA BRENNAN,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS F. FERREIRA, BARBARA<br>FERREIRA, JOHN JEFF FERREIRA,<br>TAMMY FERREIRA, HICKS STREET,<br>INC., HILDA MIRANDA, THREE BIG<br>DOGS IRREVOCABLE TRUST, PRESCOTT,<br>BULLARD & MCLEOD, RICHARD C.<br>BORGES, and DOUGLAS LEATHAM,<br><br>    Defendants. | CIVIL ACTION<br>NO. 16-12536-WGY |

YOUNG, D.J.                                          May 2, 2017

**MEMORANDUM AND ORDER**

I. **INTRODUCTION**

The plaintiff, Linda Brennan ("Brennan"), has brought suit against Thomas F. Ferreira and Barbara Ferreira (collectively "T&B Ferreira"); John Jeff Ferreira and Tammy Ferreira (collectively "J&T Ferreira"); Hicks Street, Inc.; Hilda Miranda; Three Big Dogs Irrevocable Trust; Prescott, Bullard & McLeod; Richard C. Borges; and Douglas Leatham ("Leatham"), alleging, <u>inter alia</u>, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), violations of the Uniform Fraudulent Transfer Act ("UFTA"), and common law civil

conspiracy. Pl. Linda Brennan's Mot. Am. Compl., Ex. 1, Am. Compl. and Jury Demand ("Am. Compl.") 2, ECF No. 41-1.

Brennan has moved for leave to file an amended complaint. Pl. Linda Brennan's Mot. Am. Compl., ECF No. 41. Leatham opposed, arguing that the claims against him ought be dismissed for failure to state a claim. Opp'n Def., Douglas Leatham, Pl., Linda Brennan's Mot. Am. Compl. ("Def.'s Opp'n"), ECF No. 44; Mot. Def. Dismiss, ECF No. 12. For the reasons below, this Court grants Brennan leave to file her amended complaint, but dismisses counts I and II against Leatham.

### A. Procedural History

Brennan initially filed her complaint on December 16, 2016. Compl. 1, ECF No. 1. Leatham moved to dismiss the complaint, Mot. Def. Dismiss, and the parties briefed the issues, Linda Brennan's Opp'n Def.'s Mot. Dismiss ("Pl.'s Opp'n"), ECF No. 35; Mem. Law Def. Supp. Mot. Dismiss, ECF No. 13.

On the morning of the hearing addressing Leatham's motion to dismiss, Brennan filed a motion for leave to file an amended complaint. Pl. Linda Brennan's Mot. Am. Compl. Leatham opposed, maintaining that the amended complaint failed to cure the deficiencies of the original complaint. Def.'s Opp'n.

### B. Facts Alleged

Brennan is a creditor of T&B Ferreira under the UFTA. Am. Compl. ¶ 13. She and her former husband, Andrew Brennan, were

partners with T&B Ferreira in various businesses and real estate ventures, including F&B Enterprises, Inc. and Land Locker, Inc. Id. at 2. In 1995, the Brennans and T&B Ferreira agreed to part ways, dividing their common business and real estate interests. Id. As part of their agreement, the Brennans were to receive monthly payments, but T&B Ferreira stopped making these payments in August 2000, and filed for Chapter 11 Bankruptcy on behalf of F&B Enterprises, Inc. soon after. Id.

Leatham is T&B Ferreira and J&T Ferreira's certified public accountant. Id. ¶ 18. On or about December 17, 2012, Barbara Ferreira transferred the deed to 25 Tinkham Lane, Mattapoisett, Massachusetts, to J&T Ferreira for $1.00, well below the property's fair market value. Id. ¶¶ 20-21. J&T Ferreira subsequently sold the property for $435,000.00. Id. ¶ 22. Brennan alleges that Leatham filed false tax returns and made false accounting entries by charging Land Locker, Inc. for uninsured property damage, id. ¶¶ 56-57, that this assistance was necessary to the Ferreiras' scheme, id. ¶ 61, and that Leatham knew or should have known that the Ferreiras were concealing assets, id. ¶ 64.

**II.  ANALYSIS**

The amended complaint asserts three causes of action against Leatham: violation of RICO (count I), id. ¶¶ 65-80; fraudulent conveyances under the UFTA (count II), id. ¶¶ 81-86;

[3]

and civil conspiracy (count III), id. ¶¶ 87-91. Leatham contends that the amended complaint "suffers from the same substantive defects as the original [c]omplaint," in that it does not allege sufficient facts to support Leatham's involvement in the purported scheme to defraud creditors. Def.'s Opp'n 1-2.

Although a court ought grant leave to amend a pleading "when justice so requires," Fed. R. Civ. P. 15(a)(2), a district court retains significant discretion to deny amendment if it appears futile. See Foman v. Davis, 371 U.S. 178, 182 (1962). "In assessing futility, the district court must apply the standard which applies to motions to dismiss," Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006) (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)); that is, whether, accepting all factual allegations as true, a complaint states a plausible claim to relief, see Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016) (citing Cardigan Mountain Sch. v. New Hampshire Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015)).

### A. Count I: RICO Violation

Section 1962 of Title 18 of the United States Code provides that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate . . . commerce, to conduct or

participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c) (emphasis added); see also United States v. Turkette, 452 U.S. 576, 583 (1981) ("In order to secure a conviction under RICO, the Government must prove both the existence of an 'enterprise' and the connected 'pattern of racketeering activity.'"). The Supreme Court has stated:

> In order to "participate, directly or indirectly, in the conduct of such enterprise's affairs," one must have some part in directing those affairs. Of course, the word "participate" makes clear that RICO liability is not limited to those with primary responsibility for the enterprise's affairs, just as the phrase "directly or indirectly" makes clear that RICO liability is not limited to those with a formal position in the enterprise, but some part in directing the enterprise's affairs is required. The "operation or management" test expresses this requirement in a formulation that is easy to apply.

Reves v. Ernst & Young, 507 U.S. 170, 179 (1993) (emphasis omitted). Pursuant to this "operation or management test," in order to be liable for "conducting" or "participating" in an enterprise's affairs under section 1962(c), "one must participate in the operation or management of the enterprise itself." Id. at 185. The First Circuit consistently has held that RICO liability does not attach where an accountant engages in no more than ordinary accounting functions on behalf of an enterprise. See United States v. Houlihan, 92 F.3d 1271, 1298

[5]

(1st Cir. 1996) ("[B]ecause the defendant in Reves was an outside accounting firm that had only a contractual relationship with the allegedly corrupt enterprise -- it audited the books and issued financial reports, but neither controlled the enterprise nor participated in either its operation or management -- RICO liability did not attach."); United States v. Oreto, 37 F.3d 739, 750 (1st Cir. 1994) ("[W]hile [the accountants in Reves] were undeniably involved in the enterprise's decisions, they neither made those decisions nor carried them out; in other words, the accountants were outside the chain of command through which the enterprise's affairs were conducted."). Furthermore, the Supreme Court has rejected the argument that independent accounting professional standards defining financial statements as "management's responsibility" should apply to the term "management of an enterprise" under section 1962(c). Reves, 507 U.S. at 185-86.

Here, construing the pleadings in the light most favorable to Brennan, Leatham, as an accountant, still does not satisfy the operation or management test. The amended complaint alleges only that Leatham "maintained the books and records on behalf of Land Locker, Inc. and F & B Rubberized, Inc. as well as other Ferreira entities," and that Leatham, along with J&T Ferreira, made false accounting entries (filing false tax returns and fraudulently charging Land Locker for uninsured property damage)

to shield themselves from creditors. Am. Compl. ¶¶ 56-57. There are insufficient facts, however, to support an inference that Leatham operated or managed the enterprise. See Reves, 507 U.S. at 185-86 (holding, under similar factual circumstances to those here, that an accounting firm overvaluing a company's audit was not liable under RICO because the firm could not be said to have operated or managed the enterprise).

Brennan argues that "should an accountant go beyond the actions in Reves, they run the risk . . . [of being considered] part of the management of the entity named as an enterprise," and that an "association-in-fact" enterprise may "bring the outside professional back into RICO's reach even if he or she would escape under Reves." Pl.'s Opp'n 5. The amended complaint, however, fails to allege facts sufficient to show that Leatham engaged in operation or management activities in the alleged enterprise, or in any way goes "beyond the actions in Reves." Id. Thus, the conduct element is not satisfied and Leatham is not subject to RICO liability under count I.

B. **Count II: Fraudulent Conveyance under the UFTA**

Massachusetts's version of the UFTA, Mass. Gen. Laws ch. 109A, proscribes a transfer by a debtor if made either: "(1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or (2) without receiving a reasonably equivalent value." Mass. Gen. Laws ch. 109A, § 5(a)(1)-(2).

[7]

The second of the prohibited transactions applies when the debtor has an unreasonably small amount of remaining assets or an intent or reasonable belief that "the transfer would render [him] insolvent." Silica Tech, L.L.C. v. J-Fiber, GmbH, No. 06-10293-WGY, 2009 WL 2579432, at *17 (D. Mass. Aug. 19, 2009) (citing Mass. Gen. Laws ch. 109A, § 5(a)(2)).

Leatham's actions, based on the allegations in the amended complaint, do not fall within the ambit of the UFTA. As this Court has previously noted, in order to maintain an UFTA claim, the defendant must be a debtor and a party to the transfer. See Silica Tech, 2009 WL 2579432, at *32 (citing General Motors Acceptance Corp. v. Camilleri Bros. Chevrolet of Holyoke, Inc., 109 F. Supp. 2d 58, 60 (D. Mass. 2000) (Gorton, J.) ("A prospective transfer by a non-debtor does not fit within the statutory meaning of fraudulent transfer.")). Here, Leatham was neither a debtor nor a party to the transaction. Accordingly, this Court dismisses Leatham as defendant to count II.[4]

---

[4] Leatham challenges the adequacy of the entire complaint, but does not specifically address the UFTA claim. Although "[s]ua sponte dismissals are strong medicine, and should be dispensed sparingly," there is an exception where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002) (internal quotations and citations omitted). Such circumstances are present here.

## C. Count III: Civil Conspiracy

Massachusetts recognizes "concerted action" civil conspiracy. See Kurker v. Hill, 44 Mass. App. Ct. 184, 188 (1998) (citing Restatement (Second) of Torts § 876 (1979)). This requires a plaintiff to allege "a common design or an agreement . . . between two or more persons to do a wrongful act and . . . proof of some tortious act in furtherance of the agreement." Aetna Cas. Sur. Co. v. P & B Autobody, 43 F.3d 1546, 1564 (1st Cir. 1994). "Key to this cause of action is a defendant's substantial assistance [to another], with the knowledge that such assistance is contributing to a common tortious plan." Kurker, 44 Mass. App. Ct. at 189.

Courts in this district have applied a low bar for allegations of "substantial assistance" sufficient to survive a motion to dismiss. See, e.g., Fiorillo v. Winiker, 85 F. Supp. 3d 565, 576 (D. Mass. 2015) (Hillman, J.) (denying motion to dismiss where the plaintiff alleged that the defendant was hired by other defendants to assist in a scheme to usurp assets from the plaintiff and in doing so "tortiously misappropriated rents and equipment, and represented to lenders that he was the sole owner of [the property]"). Here, the amended complaint alleges that Leatham took part in making false accounting entries necessary to the Ferreiras' scheme, of which Leatham knew or

[9]

should have known. Am. Compl. ¶¶ 57, 61, 64. This is adequate to state a civil conspiracy claim against Leatham.[5]

III. **CONCLUSION**

For the foregoing reasons, this Court grants Brennan's motion for leave to amend her complaint, ECF No. 41, but dismisses counts I and II as to Leatham.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

---

[5] Leatham argues that he was not put on adequate notice regarding the civil conspiracy claim against him because his name is not mentioned specifically in count III of the complaint. See Am. Compl. ¶¶ 87-91. The notice standard is not so high. See Kadar Corp. v. Milbury, 549 F.2d 230, 234 (1st Cir. 1977) (noting that it is "difficult to say that a claim has not been minimally stated" where the defendant was mentioned in several other paragraphs of the complaint as having aided and abetted "specific, narrowly-defined conduct," and holding this was enough to lend "some body to the pleaders' claim"). Although Leatham is not listed by name in count III, he is listed as a defendant in the preceding paragraphs as an alleged RICO conspirator. Am. Compl. ¶ 87. This is sufficient notice that Leatham is a defendant to count III.